

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CHRISTOPHER RASHAD TEAL, | § | |
| | § | |
| Movant, | § | |
| | § | |
| VS. | § | NO. 4:21-CV-084-A |
| | § | (NO. 4:18-CR-173-A) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of movant, Christopher Rashad Teal, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. The court, having considered the motion, the government's response, the reply, the record, including the record in the underlying criminal case, No. 4:18-CR-173-A, styled "United States v. Christopher Rashad Teal, et al.," and applicable authorities, finds that the motion should be denied.

I.

Background

The record in the underlying criminal case reflects the following:

On July 18, 2018, movant was named with others in a one-count indictment charging him with conspiracy to possess with intent to distribute 100 grams or more of a mixture and

substance containing a detectable amount of heroin, in violation of 21 U.S.C. § 846. CR Doc.[1] 1. On July 20, 2018, movant entered a plea of not guilty. CR Doc. 17. On August 30, 2018, movant appeared before the court with the intent to enter a plea of guilty to the offense charged without benefit of a plea agreement. CR Doc. 57. Movant and his attorney signed a factual resume setting forth the elements of the offense, the maximum penalty movant faced, and the stipulated facts supporting movant's guilt. CR Doc. 58. Under oath, movant stated that no one had made any promise or assurance of any kind to induce him to plead guilty. Further, movant stated his understanding that the guideline range was advisory and was one of many sentencing factors the court could consider; that the guideline range could not be calculated until the presentence report ("PSR") was prepared; the court could impose a sentence more severe than the sentence recommended by the advisory guidelines and movant would be bound by his guilty plea; movant was satisfied with his counsel and had no complaints regarding his representation; and, movant and counsel had reviewed the factual resume and movant understood the meaning of everything in it and the stipulated facts existed. CR Doc. 126.

---

[1] The "CR Doc. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:18-CR-173-A.

2

The probation officer prepared the PSR, which reflected that movant's base offense level was 30. CR Doc. 62, ¶ 46. He received a two-level increase for possession of a firearm, id. ¶ 47, and a two-level increase for maintaining a drug premises. Id. ¶ 48. He received a four-level increase for his role as organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive. Id. ¶ 50. He received a two-level and a one-level decrease for acceptance of responsibility. Id. ¶¶ 54, 55. Based on a total offense level of 35 and a criminal history category of III, movant's guideline imprisonment range was 210 to 262 months. Id. ¶ 128. The PSR also contained a discussion of factors that might warrant departure, id. ¶¶ 142-45, and factors that might warrant a sentence outside the advisory guideline system. Id. ¶ 146. Movant filed objections, CR Doc. 118, and the probation officer prepared an addendum to the PSR. CR Doc. 78. The probation officer later prepared a second addendum to the PSR to correct a typographical error that had no substantive impact. CR Doc. 88.

On December 21, 2018, movant appeared for sentencing. CR Doc. 127. His counsel presented testimony in support of his objections to the PSR. Id. The court sentenced movant to a term of imprisonment of 298 months. CR Doc. 116. Movant appealed, CR

Doc. 119, and his sentence was affirmed. United States v. Teal, 783 F. App'x 419 (5th Cir. 2019).

## II.

### Grounds of the Motion

Movant sets forth two grounds in his motion, both alleging ineffective assistance of counsel. Doc.[2] 1 at PageID[3] 7. Under his first ground, movant complains of the search of his cellphone and failure to suppress evidence and counsel's alleged failure to investigate statement of informants. Id. Under his second ground, he says that counsel was ineffective in failing to object to the firearm enhancement. Id. In his memorandum, movant appears to raise a third issue, to wit: that his guilty plea was not knowing and voluntary. Id. at PageID 16.

## III.

### Applicable Standards of Review

A.   28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164-165 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or

---

[2] The "Doc. __" reference is to the number of the item on the docket in this civil action.
[3] The "PageID __" reference is to the page number assigned by the court's electronic filing system and is used because movant attached his memorandum to his form motion.

4

sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974); United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir. 1978)).

B.  Ineffective Assistance of Counsel Claims

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable

probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984); see also Missouri v. Frye, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Strickland, 466 U.S. at 697; see also United States v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," Harrington v. Richter, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Cullen v. Pinholster, 563 U.S. 170, 189 (2011) (quoting Strickland, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the Strickland test. Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000).

6

IV.

Analysis

As the government notes, movant cannot now raise the issue of the voluntariness of his plea inasmuch as he did not raise that ground on appeal. Doc. 10 at 11 (citing Bousley v. United States, 523 U.S. 614, 621 (1998). The claim is procedurally defaulted. Id. Even if it could be pursued, the claim is without merit.

The allegations supporting movant's claim that his plea was not knowing and voluntary are largely conclusory, e.g., that counsel failed to "explain the modus operandi," the evidence against him, potential affirmative defense, and "true nature of the United States Sentencing Guidelines." Doc. 1 at PageID 17-18. See Koch v. Puckett, 907 F.2d 524, 530 (5th Cir. 1990)(conclusory allegation are insufficient to raise a constitutional issue). He concludes with the allegation that counsel promised him that if he pleaded guilty he would get a sentence ranging between 11 to 14 years' imprisonment. Id. at PageID 19. The record belies these allegations. As recited above, the court reviewed with movant that his sentencing would be based on the actual facts and that he would be bound by his plea. Movant acknowledged under oath that he understood that the guideline range could not be calculated until preparation of the

7

PSR, that the sentence could be more severe or less severe than the recommended guideline range, and that movant faced a maximum forty year term of imprisonment, among other things. CR Doc. 126.

Movant has failed to present the court with anything that would cause the court to conclude that any aspect of this ground has the slightest merit. "Solemn declarations in open court carry a strong presumption of verity." Blackledge v. Allison, 431 U.S. 63, 74 (1977). Likewise, his factual resume. United States v. Abreo, 30 F.3d 29, 32 (5th Cir. 1994); Hobbs v. Blackburn, 752 F.2d 1079, 1081 (5th Cir. 1985).

A plea is not rendered involuntary because of an erroneous estimate by counsel of the length of sentence. Daniel v. Cockrell, 283 F.3d 697, 703 (5th Cir. 2002), abrogated on other grounds, Glover v. United States, 531 U.S. 198 (2005); Beckham v. Wainwright, 639 F.2d 262, 265 (5th Cir. 1981). A prediction, prognosis, or statement of possibilities does not constitute an actual promise.[4] Harmason v. Smith, 888 F.2d 1527, 1532 (5th Cir. 1989).

For a defendant who seeks habeas relief on the basis of alleged promises inconsistent with representations he made in

---

[4] Movant does not cite, and the court is not aware, of any authority to support his apparent contention that a plea cannot be knowing and voluntary unless he is informed of the exact guideline range to which he would be subject. Doc. 17 at 4-5.

8

open court when entering his plea of guilty to prevail, he must prove: "(1) the exact terms of the alleged promise, (2) exactly when, where, and by whom the promise was made, and (3) the precise identity of the eyewitness to the promise." United States v. Cervantes, 132 F.3d 1106, 1110 (5th Cir. 1998). To be entitled to an evidentiary hearing, the defendant must produce "independent indicia of the likely merit of [his] allegations, typically in the form of one or more affidavits from reliable third parties." Id. "If, however, the defendant's showing is inconsistent with the bulk of [his] conduct or otherwise fails to meet [his] burden of proof in the light of other evidence in the record, an evidentiary hearing is unnecessary." Id. See also United States v. Fuller, 769 F.2d 1095, 1099 (5th Cir. 1985).

Movant's guilty plea was knowing and voluntary and made with sufficient awareness of the relevant circumstances and likely consequences. Bradshaw v. Stumpf, 545 U.S. 175, 183 (2005). Movant has failed to provide any independent evidence in support of any of his contentions that are at variance with the statements he made, or the answers he gave, while under oath at the rearraignment hearing. To whatever extent movant might be suggesting that his attorney made any representation or promise to him as to the level of imprisonment that might be imposed on

9

him, the testimony given by movant at his rearraignment hearing is direct proof that no such thing occurred.

Teal urges that his counsel was ineffective by failing to investigate a possible motion to suppress and the reliability of confidential informants' statements. Doc. 1 at PageID 7, PageID 19-32. He speculates that a case like his could not have been disposed of in forty days—the time from appointment of counsel until his guilty plea—with effective counsel. Id. at PageID 23. But, such things routinely occur and many defendants decide from the outset to plead guilty.

Movant's argument as to the failure to file a motion to suppress is based on the false premise that agents did not obtain a search warrant to analyze his cellphone. Doc. 1 at PageID 26. As the government notes, a search warrant was sought and obtained. Doc. 10 at 13-14 (referring to documents in No. 4:18-MJ-441-BJ reflecting that the search warrant was sought and obtained before movant changed his plea). Failure to file a meritless motion to suppress was not ineffective assistance of counsel. Clark v. Thaler, 673 F.3d 410, 429 (5th Cir. 2012). And, in any event, movant's guilty plea waived any Fourth Amendment violation. United States v. Cothran, 302 F.3d 279, 285-86 (5th Cir. 2002).

Movant also argues that counsel was deficient for failing to investigate the reliability of the confidential informants' statements. Doc. 1 at PageID 29-31. He fails, however, to allege with specificity what the investigation would have revealed and how it would have changed the outcome of the proceedings. Anderson v. Collins, 18 F.3d 1208, 1221 (5th Cir. 1994); United States v. Green, 882 F.2d 999, 1003 (5th Cir. 1989). In addition, the claim of failure to investigate was waived by movant's guilty plea. Smith v. Estelle, 711 F.2d 677, 682 (5th Cir. 1983). Finally, for all of the reasons discussed in the government's response, the information provided by the confidential informants was reliable. Doc. 10 at 15-18.

In his last ground, movant alleges that he received ineffective assistance because his counsel failed to object to the firearm enhancement. Doc. 1 at PageID 33-37. His argument seems to be that because the government did not charge him under 18 U.S.C. § 924(c), he should not be held accountable for a firearm.[5] The argument is frivolous as is the contention that counsel should have objected to the enhancement. The role of firearms is clearly explained in the PSR. CR Doc. 62. Further, the court explained in full at sentencing the reasons for the

---

[5] The contention that the government somehow manipulated the system by applying enhancements is based on a false premise that the government prepares the PSR and, further, that the court is bound thereby. Doc. 17 at 5.

sentence above the top of the guideline range. CR Doc. 127. Counsel was not ineffective for failing to raise a frivolous objection. <u>Clark</u>, 673 F.3d at 429.

V.

Order

The court ORDERS that all relief sought by movant in his motion under 28 U.S.C. § 2255 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED April 16, 2021.

JOHN McBRYDE
United States District Judge